UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW BUTKOVICH,

     Plaintiff,

v.                                       Case No.: 8:24-cv-1693

FIRST PREMIER BANK, and EQUIFAX
INFORMATION SERVICES, LLC,

     Defendants.

_____/

**DEFENDANT, FIRST PREMIER BANK'S, MOTION  TO STAY ACTION AND COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS**

Defendant, FIRST PREMIER BANK, by and through undersigned counsel and pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*, moves the Court for an Order Staying this Action and Compelling Arbitration of Plaintiff, MATTHEW BUTKOVICH'S claims and in support alleges as follows:

1.      On or about July 17, 2024, Plaintiff, Matthew Butkovich, filed a Complaint  against First Premier Bank and Defendant, Equifax Information Services, LLC ("Equifax") alleging violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et. seq*.

2.      Plaintiff alleges that First Premier Bank specifically violated section §1681s-2(b) in allegedly failing to properly investigate Plaintiff's disputes and failing to correct inaccurate information in Plaintiff's consumer credit report regarding Plaintiff's credit card account with First Premier Bank.

3.      First Premier Bank denies that it violated the FCRA in its investigation of the disputes or in its credit reporting regarding Plaintiff's account. However, more importantly for purposes of this motion, the claims set forth in Plaintiff's Complaint are subject to binding

arbitration since such claims arise out of the First Premier Bank Credit Card Contract and Account Opening Disclosures between Plaintiff and First Premier Bank (the "Credit Card Contract"), a copy of which is attached hereto as **Exhibit "A"**. The Credit Card Contract, as well as the Initial Disclosures provided to Plaintiff when he applied for his First Premier Bank credit card, provided that any claim arising out of or related to Plaintiff's credit card account, including claims based in contract, tort or statutory law, shall be resolved exclusively by binding arbitration. The Credit Card Contract provided Plaintiff with the right to opt out of the arbitration provision by written notice no later than 45 days after his Credit Account was opened. Plaintiff did not exercise his right to opt out of the provision, nor does Plaintiff allege in the Complaint that he opted out of the provision.

4.      The Arbitration provision provides, in pertinent part, as follows:

## ARBITRATION AND LITIGATION

This Arbitration Provision ("Provision") facilitates the prompt and efficient resolution of any disputes that may arise between you and us. Arbitration is a form of private dispute-resolution in which persons with a dispute waive their rights to file a lawsuit, to proceed in court and to a jury trial, and instead submit their disputes to a neutral third person (an arbitrator) for a binding decision. You have the right to opt out of this Arbitration Provision if you follow the instructions set out in the paragraph titled "Right to Opt Out" below.

**PLEASE READ THIS PROVISION CAREFULLY. IT PROVIDES THAT ALL DISPUTES ARISING OUT OF OR RELATED TO THIS CONTRACT SHALL BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT, YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT, BEFORE A JUDGE OR JURY AND/OR TO PARTICIPATE IN OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS (INCLUDING, BUT NOT LIMITED TO, CLASS ACTIONS). EXCEPT AS OTHERWISE PROVIDED, ENTERING INTO THIS AGREEMENT CONSTITUTES A WAIVER OF YOUR RIGHT TO LITIGATE CLAIMS IN COURT BEFORE A JUDGE OR JURY.**

**RIGHT TO OPT OUT:** To opt out of this Arbitration Provision, you must mail a written notice to us so that it is postmarked no later than 45 days after we mail your first Card to you. Your first Card is the one we mail to you at approximately the time your first Account application is approved.  Your right to opt will not apply when we send you a copy of your Credit Card Contract or this Provision, or when we send you an updated version of your Credit Card Contract or this Provision, or when we send you any replacement Card. If you opt out of this Arbitration Provision, you will retain your right to litigate your dispute in a court, either before a judge or jury. The opt out notice must include your name, address, and Account number, must be signed by you (or all of you if there is more than one Account holder) and must be mailed to us at: PO Box 5524, Sioux Falls, SD 57117-5524. If your written notice is not postmarked within 45 days from the date we mail your Card to you, your right to opt out will terminate, and you agree that this Provision will apply. Your decision to opt out will not affect your other rights or responsibilities under this Credit Card Contract. If we later amend this Provision, we will let you know if you can opt out of that amendment and, if so, how you can do so.

**Parties and Matters Subject to Arbitration**:  For purposes of this Provision, "we" and "us" include our employees, parent companies, subsidiaries, affiliates, beneficiaries, agents and assigns and other persons and entities you assert a Claim against in connection with a Claim you assert against us. For purposes of this Provision, "Claim" means any claim, dispute or controversy by either you or us, arising out of or relating in any way to this Credit Card Contract, your Credit Account, any transaction on your Credit Account and our relationship. "Claim" also refers to any interaction or communication between you and us that occurred prior to or concurrent with entering into this Credit Card Contract, including those now in existence, regardless of present knowledge. "Claim" shall refer to claims of every kind and nature, including, but not limited to, initial claims, counterclaims, cross-claims and third-party claims. All Claims are subject to arbitration, regardless of legal theory and remedy sought, including, but not limited to, claims based in contract, tort (including negligence, intentional tort, fraud and fraud in the inducement), agency, statutory law (federal and state), administrative regulations or any other source of law (including equity). Notwithstanding the foregoing, the word "Claim" does not include any dispute or controversy about the validity, enforceability, coverage or scope of this Arbitration Provision or any part thereof; all such disputes or controversies are for a court and not an arbitrator to decide. However, any dispute or controversy that concerns the validity or enforceability of the Credit Card Contract as a whole is for the arbitrator, not a court, to decide.

**Agreement to Arbitrate**: Any Claim, shall be resolved and settled exclusively and finally by binding arbitration, in accordance with this Provision. Binding arbitration shall not be required, however, for collection actions we bring in court if you default on your Credit Account as set forth in the Credit Card Contract. Furthermore, both you and we retain the right to pursue in a small claims court (or your state's equivalent court) any Claim that is within that court's jurisdiction, so long as the matter remains in such court and advances only on an individual (non-class, non-representative) basis. For any Claims covered by this Provision, a party who asserted a Claim in a lawsuit in court may elect arbitration with respect to any Claim subsequently asserted in that lawsuit by any other party.

. . .

**Voluntary Waiver of the Right to a Jury Trial:** As a result of this Provision, neither you nor we have the right to litigate any Claim in court or the right to a jury trial on any Claim, except as provided above. **YOU AGREE THAT YOU ARE VOLUNTARILY AND KNOWINGLY WAIVING ANY RIGHT YOU MAY HAVE TO GO TO COURT OR TO HAVE A JURY TRIAL**.
. . .

**Governing Law:** This agreement to arbitrate is made pursuant to a transaction involving interstate commerce and **shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16**, as it may be amended.

**Arbitration Location and Procedure**: Any arbitration hearing at which you wish to appear will take place at a location within the federal judicial district that includes your billing address at the time the Claim is filed. The party bringing the Claim may file its Claim at the American Arbitration Association ("AAA"), or an arbitration organization mutually agreed upon by the parties. The arbitration organization that is selected will administer the arbitration pursuant to its procedures in effect at the time of filing, subject to this Provision. If you do not agree to file your claim with AAA, and the parties cannot agree on an alternative arbitration organization, an arbitrator will be appointed by a court pursuant to the Federal Arbitration Act. In the event of a conflict or inconsistency between the respective organization's rules and this Provision or the Credit Card Contract, this Provision shall govern. The arbitration will be conducted before a single arbitrator, whose authority is limited solely to individual Claims between you and us. The arbitration will not be consolidated with any other arbitration proceeding. Any decision rendered in such arbitration proceeding will be final and binding on the parties, except for any appeal rights under the FAA, and judgment may be entered in a court of competent jurisdiction. The rules and forms of AAA may be obtained as follows:

American Arbitration Association, 120 Broadway, Floor 21, New York, N.Y. 10271, website at www.adr.org.

**Arbitrator's Authority**:    The arbitrator shall apply the applicable substantive law, consistent with the Federal Arbitration Act; shall apply statutes of limitation; and shall honor claims of privilege recognized at law…

. . .

**Binding Effect and Survival:** You and we agree that, except as specifically provided for above, the arbitrator's decision will be final and binding on all parties subject to this Provision. This Provision is binding upon you, us, and the heirs, successors, assigns and related third parties of you and us. This Provision shall survive termination of your account, whether it be through voluntary payment of the debt in full by you, a legal proceeding initiated by us to collect a debt that you owe, a bankruptcy by you or a sale of your Credit Account by us.

. . .

**Exhibit "A"**.

5.      The Initial Disclosures provided to Plaintiff at the time he applied for the credit cards online provided:

"[I]f you are issued a credit Card, your Credit Card Contract will contain a binding Arbitration Provision. The Arbitration Provision will require that any dispute involving you and us will be resolved by binding arbitration pursuant to the rules of the American Arbitration Association or another mutually agreed upon arbitration organization. Except for collection actions we bring in court if you default, both you and we agree to waive the right to go to court or to have the dispute heard by a jury. You and we also waive the right to participate as part of a class of claimants seek private injunctive relief relating to any dispute. Other rights available in court may also be unavailable in arbitration. When you receive your Credit Card Contract, you should read the Arbitration Provision carefully. If you do not agree to be bound by the Arbitration Provision, you should either opt-out of arbitration as provided in the Arbitration Provision or not accept or use the Card."

Plaintiff became bound to the terms of the Credit Card Agreement, and specifically the Arbitration Provision, when he applied for the credit card online and later when he received and used the credit cards under Florida and federal law. Krutchik vs. Chase Bank USA, N.A., 531 F. Supp. 2d 1359,

1364 (S.D. Fla. 2008); see also Taylor vs. First North American National Bank, 325 So. 2d 1304, 1313 (2004). Finally, as further provided in the Credit Card Contract:

> **Effective Date:** Unless you are a resident of the State of New York, this Contract is effective upon the earlier of (1) the first Purchase made or Cash Advance taken on your Credit Account, and (2) the expiration of 30 days from the date we issue the Card to you if you do not provide us written notice of your desire to cancel within this 30 days.

**Exhibit "A"**.

6.      The mandatory arbitration provision in this action is broad and includes Plaintiff's claims under the FCRA. Pursuant to the Federal Arbitration Act and Florida and Federal law, the Court should grant this Motion and compel arbitration of Plaintiff's claims.

WHEREFORE, Defendant, FIRST PREMIER BANK, respectfully requests that the Court enter an Order Staying this Action and Compelling Arbitration of Plaintiff's Claims, as well as any other and further relief which the Court deems just and proper.

## MEMORANDUM OF LAW

### I.  STANDARD

The Federal Arbitration Act ("FAA") mandates that all arbitration agreements (with limited exceptions not pertinent here) "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U. S. C. §2. It is well-settled that the FAA reflects a strong federal policy favoring the enforceability of arbitration agreements. See CompuCredit Corp. v. Greenwood, 565 U.S. 95 (2012) (Noting that "section 2 of the FAA establishes a 'liberal federal policy favoring arbitration agreements'"). The purpose behind the FAA is to "ensure judicial enforcement of privately made agreements to arbitrate." Obremski v. Springleaf Financial Services, Inc., 2012 WL 3264521 (M.D. Fla. 2012) (quoting Dean Witter

Reynolds, Inc. v. Byrd, 470 U. S. 213, 219 (1985)). Thus the courts must "rigorously enforce" agreements to arbitrate. Id.

In considering a motion to compel arbitration, a federal district court must consider three factors, including: "(1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." Tarverdiyeva v. Coinbase Global, Inc., 2021 WL 4527960 (M.D. Fla. 2021). These elements are the same under Florida state law. See Reeves vs. Ace Cash Express, 937 So. 2d 1136, 1137 (Fla. 2d DCA 2006); Maguire vs. King, 917 So. 2d 263, 265-66 (Fla. 5th DCA 2005). Claims that a creditor violated a consumer protection statute such as the FCCPA, the FDCPA or the FCRA in connection with a consumer's account are subject to valid and enforceable arbitration clauses. See Wilson v. Trans Union, LLC, 2018 WL 2376501, at *3 (M.D. Fla. 2018), *report and recommendation adopted*, 2018 WL 2364294 (M.D. Fla. 2018); Goodall v. American Express Company, 2019 WL 4306404 (M.D. Fla. 2019), *report and recommendation adopted*, 2019 WL 4305485 (M.D. Fla. 2019); see also Reeves vs. Ace Cash Express, 937 So. 2d 1136, 1137 (Fla. 2d DCA 2006)  Although a credit card contract is not signed by both parties to the agreement, a consumer becomes bound to the terms of the agreement when the consumer receives and uses the credit card. Krutchik v. Chase Bank USA, N.A., 531 F. Supp. 2d 1359, 1364 (S.D. Fla. 2008); Goodall, 2019 WL 4306404 at *2-3.

## II.  ARGUMENT

**A.      THERE IS A VALID AGREEMENT TO ARBITRATE BETWEEN THE PARTIES**

A valid agreement to arbitrate all disputes exists between the parties in this action. Initially, Plaintiff was provided with the Initial Disclosures at the time he applied for the credit card. Those disclosures provided that, in the event Plaintiff was issued a card, any dispute relating to his credit card agreement and account would be subject to binding arbitration. When Plaintiff was issued the

accounts and credit card, he was provided with the Credit Card Contract, which confirmed that all claims of any kind or nature would be subject to binding arbitration with the AAA, or an arbitration organization agreed upon by the parties. Upon his failure to opt out of the arbitration provision in accordance with the terms of the agreement, and use of the credit cards without cancelling the account within 30 days according to terms of the Credit Card Contract, Plaintiff became bound to the terms of the Credit Card Contract and Arbitration Provisions.

**B.    AN ARBITRABLE ISSUE EXISTS IN THIS MATTER, AS THE ARBITRATION PROVISION CLEARLY APPLIES TO THE CLAIMS ALLEGED BY PLAINTIFF**

The Arbitration Provision in the Credit Card Contract is extremely broad and covers all "claims of every kind and nature," and "regardless of legal theory and remedy sought, including, but not limited to, claims based in contract, tort (including negligence, intentional tort, fraud and fraud in the inducement), agency, statutory law (federal and state).... or any other source of law...." Any claim arising out of or relating to this Credit Card Contract, or the breach of this contract or your Credit Account, shall be resolved and settled exclusively and finally by binding arbitration, in accordance with this provision." See **Exhibit "A"**. Further, the Arbitration Provision defines "Claim" to include "any claim, dispute or controversy by either you or us, arising out of or relating in any way to this Credit Card Contract, this Provision (including claims regarding the applicability, enforceability or validity of this Provision), your Credit Account, any transaction on your Credit Account and our relationship." Id. Thus, the Complaint's allegations of statutory law violations of the FCRA clearly constitute a "Claim" as defined by the Arbitration Provision, and such claim arises out of or relates to the Credit Card Contract and the Credit Account as these defined the relationship between the parties. See Goodall vs. American Express Co. 2019 WL 4306404 (M.D. Fla. 2019). Plaintiff's claims are therefore subject to arbitration.

The presumption of arbitrability, created by the mere existence of an arbitration clause, can be overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." AT & T Techs., Inc. vs. Communications Workers of Am., 475 U.S. 643, 650 (1986) (quoting United Steelworkers vs. Warrior & Gulf Navigation Co., 363, U.S. 574, 582-83 (1960)).

Furthermore, in order to exclude a claim from arbitration, there must be an express provision within the original contract between the parties that excludes a particular grievance. See United Steelworkers, 363 U.S. at 584-85. Here, the Arbitration Provision committed both parties to arbitrate "claims of every kind and nature" "arising out of or relating to" the Credit Card Contract or Plaintiff's Credit Account. As such, the provision is clearly applicable to Plaintiff's FCRA claims in this matter. *See* Wilson v. Trans Union, LLC, 2018 WL 2376501, at *3 (M.D. Fla. 2018), report and recommendation adopted, 2018 WL 2364294 (M.D. Fla. 2018).

## C.    FIRST PREMIER BANK HAS NOT WAIVED ITS RIGHT TO ARBITRATE

The right to arbitrate has in no way been waived by First Premier Bank, and First Premier Bank has not acted in any manner inconsistent with its right to arbitrate. Rather, First Premier Bank is invoking its right to arbitration at the first possible instance in response to Plaintiff's Complaint, and has not engaged in any discovery on the merits or otherwise acted inconsistently with the right to arbitrate this dispute. It is well-settled that public policy favors arbitration of disputes "because it is efficient and avoids the time delay and expense associated with litigation." Regency Group Inc. v. McDaniels, 647 So. 2d 192, 193 (Fla. 1st DCA 1994). Thus, when a court must decide whether a particular dispute is subject to arbitration, all doubts about the scope of the agreement should be resolved in favor of arbitration. Id.; *see also* The Hillier Group, Inc. v. Torcon,

<u>Inc.</u>, 932 So. 2d 449, 453 (Fla. 2d DCA 2006) (recognizing Florida's strong public policy in favor of arbitration).

### III. CONCLUSION

Plaintiff and First Premier Bank agreed in the Credit Card Contract to arbitrate disputes such as those at issue in Plaintiff's Complaint. Accordingly, this Court should respectfully stay all claims against First Premier Bank in this action and compel the arbitration of Plaintiff's claims against First Premier Bank.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished via the Florida Court's E-filing Portal on August 22, 2024 to Trescot Gear, Esquire, Gear Law LLC, 1405 W. Swann Avenue, Tampa, FL 33606 (trescot@gearlawllc.com), and via U.S. Mail and Electronic Mail to McCarthy Law, PLC, 4250 North Drinkwater Blvd, Suite 320, Scottsdale, AZ 85251 (info@mccarthylawyer.com).

DICKINSON & GIBBONS, P.A.

By: /s/ Charles W. Denny, IV
CHARLES W. DENNY, IV
Florida Bar No. 0488615
401 North Cattlemen Road, Suite #300
Sarasota, Florida 34232
cdenny@dglawyers.com
cmccurdy@dglawyers.com
araymond@dglawyers.com
(941) 366-4680 (phone)
(941) 365-2923 (fax)
Attorneys for Defendant, First Premier Bank